WILLIAM IRVING and others,

v.

GEORGE HUMPHREY.

Upon a composition between debtor and creditors, if the debtor furnishes a statement of his affairs as the basis of the agreement, he is answerable for the truth of that statement.

Any one material misrepresentation will avoid the contract.

But in such case, the composition is not to be wholly vacated. The defendant will be decreed to make his representations good, and to account for any property which he held beyond the amount stated by him.

THIS bill was filed by the complainants, merchants of New-York, as being some of the creditors of the defendant, to set aside a composition of the defendant's debts, which was entered into between him and them upon his failure, in the year 1817.

The bill gives a very detailed statement of the circumstances under which the debts were contracted, and of the failure of the defendant, and his subsequent proposals, and of the composition sought to be set aside. It alleges, that he contracted the debts with the intention of failing and of defrauding the complainants; that very soon after the arrival of the goods he announced his stoppage, by a circular addressed to his creditors, and that subsequently, he gave various false statements of his property, debts and credits, with a view to alarm his creditors and finally insisted, as an ultimatum, that they should pay all his confidential debts, as stated by him, take his property and exonerate him from all claims, and that unless they should do so within a given time he would sell all his property for the payment of his confidential debts; and that a disposition being shown to accede to these terms, he threw embarrassments in the way of the agreement. That he gave a list of his confidential debts, which was more than they in truth amounted to, and stated his property at less than the true amount. That he finally sold his property to his brother at a discount of thirty five per cent from cost; took a house in the jail limits; and then offered his creditors to pay them eight shillings and eight pence in the pound, in notes, at one, two and three years, giving them sixty days to accept those terms, af-

*1824.*
*9th August.*

*Composition founded in fraud.*

ter which he would not be bound by them : that the complainants were compelled to accept those terms, and upon receiving the notes, gave releases accordingly : that the sale of his goods to his brother was fraudulent and collusive, and that some time afterwards, they two went into partnership in trade, and the same goods were brought into the concern, as the stock in trade of the defendant. The bill sets out several particulars of alleged fraud ; and on those grounds prays, that the releases may be set aside, and the defendant be decreed to give an account of his property, effects, debts and credits, and to pay the complainants their debts, in whole or in part, and for general relief.

The first answer was excepted to, the bill amended, and a farther answer filed ; to which succeeded other exceptions and amendments, and a second farther answer.

The answers denied the fraud throughout, and imputed the failure of the defendant to the fall of goods, to losses and misfortunes, and to unusual harshness on the part of creditors'; and gave an account of the various transactions alleged to be fraudulent.

A general replication was filed and proofs were taken.

The proceedings being very voluminous, the foregoing sketch is intended to give a general idea of the pretensions of the parties, but not for the purpose of minute accuracy. All that is material of the issues in fact will appear from the chancellor's opinion ; and no more particular statement of the pleadings seems necessary to understand the principle decided.

Mr. Jay and Mr. Roosevelt for the complainants.

Mr. Spencer and Mr. I. Hamilton for the defendant.

The Chancellor. The defendant, a debtor, compromised with the complainants and others, his creditors, by securing to them one third of the amount of his debts ; they upon that composition, released him from his debts ; and the object of this suit is, to vacate the releases so executed by the creditors, as having been given in consequence of fraud, misrepresentation or concealment, on the part of the defendant.

The defendant, a merchant, failed in his payments, in January, 1818. After his insolvency was known to his creditors,

various negotiations took place between him and them, concerning the payment of his debts. In the course of these negotiations, many statements both verbal and written, of the amount and situation of his property and the state of his affairs, were made by him to his creditors, or such of them as made application for payment. These applications and negotiations terminated in the agreement to compromise; and that agreement was consummated, by securing one third of the several debts due to the complainants, and by the releases executed to the defendant.

From the pleadings and proofs it appears, that this compromise was founded upon the statements and representations of the defendant, concerning the value of his property and the amount of his debts. It is sufficiently clear, throughout the cause, that the complainants in agreeing to the composition, acted either wholly or to a great extent, upon the representations of the defendant, concerning his ability to pay his debts. The complainants were creditors seeking payment; and they evidently relied much, if not entirely, upon the information which the debtor gave them, concerning his own situation, and the extent of his means to make satisfaction.

If then, the information given by the defendant to his creditors, respecting his property and debts, was in any material respect, untrue, the misrepresentation must vacate the compromise. I do not stop to enter into any demonstration of this principle, or to cite the authorities which support it. The principle itself, is a plain dictate of justice; and the adjudged cases fully show, that it is an established doctrine of courts of equity.

The defendant in the negotiations between him and his creditors, insisted, that certain of his debts, called confidential, should be paid, in preference to all others; he furnished a statement of those debts, to his other creditors; and when he did so, he was bound to furnish a true statement. In his statement of confidential debts, furnished to his creditors, he stated his debt to Ten Eyck, at a sum exceeding the true amount of that debt, by more than five hundred dollars: this exaggeration is not explained, in any satisfactory manner; and it stands an important misrepresentation of a material fact.

This single misrepresentation, seems to me sufficient to vacate the compromise, and to decide this cause.   It is therefore unnecessary, to discuss the other questions of fraud or misrepresentation, which are controverted between the parties.

In other facts and in the general complexion of the cause, I perceive nothing which can mitigate the effect of this misrepresentation of the amount of the defendant's debt to Ten Eyck.   The defendant was a debtor treating with his creditors, for the satisfaction of his debts.   It was his duty and their right, that all his property should be applied to the payment of his debts.   In paying his debts, he had a right to give preference to particular creditors ; but the condition required by him, that his general creditors should advance a large sum of money, for the payment of his confidential debts, was unreasonable.   He did not assign his property for the payment of his debts, nor did he sell it publicly, and by a public sale, ascertain its true value.   Retaining the control of his property, he negotiated with his creditors.   They were obliged to rely greatly, upon his statements of the situation and amount of his property and debts ; and they did rely upon his statements.   They were indeed at liberty to seek information from other sources ; but they were not bound to look to any other source of information.   The defendant was the debtor ; he alone, had full knowledge of the state of all his own affairs ; and he undertook to give his creditors the requisite information of his own situation.   The information which he gave, was the basis of the composition : it is just, that he should be held answerable for the truth of his own statements : and any one material misrepresentation, is sufficient to vacate the contract.

The releases executed by the complainants to the defendant, must be vacated, because they were given and founded upon misrepresentation.   The court may either annul the releases absolutely, or may subject the defendant to the payment of his debts, to the extent in which his property has not been fully applied to that object.   To annul the releases absolutely, and subject the defendant to the full amount of his debts, would be severe, and would also infringe the sense of the agreement to compromise.   The spirit of that agreement was,

that the creditors should receive the full value of all the property of the defendant; and though they have reason to complain that they have been defrauded or misled, they have no sufficient reason to subvert altogether, their own contract. The equity of this case therefore is, that the defendant is liable to his creditors, for the true value of all the property which he possessed, when the agreement to compromise was made. In the language of some of the adjudged cases, he must make his representations good; and so far as his property exceeded the third part of his debts already paid, he must now be responsible.

In order to give this relief, proper accounts of the true value of the defendant's property must be taken; and a decree for that purpose, will be entered.